**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

|  |  |
|---|---|
| **ELIAHU YECHESKEL, ET AL.,** | * |
|  | * |
| Plaintiffs, | * |
|  | * |
| v. | * Case No.: RWT 09cv2335 |
|  | * |
| **BANK OF AMERICA CORP., ET AL.,** | * |
|  | * |
| Defendants. | * |
|  | * |
|  | *** |

## MEMORANDUM OPINION

On September 3, 2009, Plaintiffs Eliahu and Karen Yecheskel, proceeding pro se, filed a Complaint against Defendants Bank of America Corporation ("Bank of America") and Experian Information Solutions, Inc. ("Experian"), alleging a variety of mortgage related violations in connection with the November 5, 2007 refinancing of their primary residence. Both Defendants filed motions to dismiss Plaintiffs' Complaint. See Paper Nos. 10, 15. Plaintiffs subsequently filed a Motion for Partial Summary Judgment, an Emergency Motion To Halt Countrywide's Foreclosures Nationwide, and a Third Party Complaint. See Paper Nos. 19, 22, 24. Because Plaintiffs have failed to state a claim against Bank of America or Experian, the Court shall grant Defendant's motions and deny Plaintiffs' motions by a separate order.

**I**

In 2007, Plaintiffs sought to refinance their home. Compl. 2. As part of the refinancing, Plaintiffs signed a promissory note in the amount of $350,000.00 and a deed of trust. Id. Ex.1. According to Plaintiffs, Provident Funding Corporation ("Provident") was the lender and sold the loan to Countrywide Financial Corporation. Id. at 2, 6, 16. Plaintiffs maintain that Bank of America, through the acquisition of Countrywide Financial Corporation, is the assignee of the

deed of trust. Id. at 8. Plaintiffs also seemingly maintain that Bank of America is the holder of the promissory note. Id. Ex. 5, 8.

Plaintiffs allege that they rescinded the loan through a "Notice of Rescission." Id. at 20. The "Notice of Rescission" is signed by Eliahu Yecheskel and states, "I wish to cancel." Id. Ex. 11. Despite the "Notice of Rescission," Provident "wired the funds [of $316,767.62] to Plaintiffs' account." Id. at 6, 23. Plaintiffs invested the wired funds and lost a substantial amount of it. Id. at 9. By letter dated May 19, 2009, the lender notified Plaintiffs that they were in default of the loan agreement with Provident and that "[t]he amount owed pursuant to the terms of the Deed of Trust and Note through the date of this letter is $359,488.35." Id. Ex.8.

In their Complaint, Plaintiffs allege claims against Bank of America for violation of Maryland law governing notaries public (Count I), breach of their First Amendment rights (Count II), violations of the Truth in Lending Act and Regulation Z (Count III), tortious interference with contract (Count IV), breach of contract (Count V), and violations of the Fair Debt Collection Practices Act (Count VII). In Count VI, Plaintiffs allege a claim against Experian for violation of the breaches of the Fair Credit Reporting Act ("FRCA").

Both Defendants moved to dismiss Plaintiffs' Complaint, see Paper Nos. 10, 15, which Plaintiffs opposed. As part of their opposition, Plaintiffs also filed a "Motion for Partial Summary Judgment for Declaratory Relief as a Matter of Law and Emergency Relief To Stay and Dismiss Foreclosure Proceedings in Montgomery County Circuit Court." See Paper No. 19. Following the filing of replies by both Defendants, Plaintiffs submitted an "Emergency Motion To Halt Countrywide's Foreclosures Nationwide," see Paper No. 22, and a "Third Party Complaint."

**II**

Plaintiffs have not stated a claim against Bank of America. In its motion to dismiss, Bank of America argues that it has been incorrectly sued. Bank of America's Mot. 2. It maintains that it did not make the mortgage loan to Plaintiffs, it does not own or service the loan, it has never owned or serviced the loan, and it has no security interest in Plaintiffs' real property. Id., Ex.1 (Aff. of David Perez, Assistant Vice President for Bank of America). Nowhere in their Opposition do Plaintiffs dispute the fact that Bank of America has never been the servicer or owner of Plaintiffs' mortgage. Accordingly, the Court concludes that Bank of America is not a correct party to this lawsuit and will dismiss Counts I–V and VII.

Plaintiffs have also failed to state a claim against Experian for violating the FCRA. Plaintiffs allege that Experian failed to remove any and all reference to the Countrywide account from Plaintiffs' credit reports. While a credit reporting agency, such as Experian, may be civilly liable for a negligent or willful failure to comply with requirements imposed by the FCRA, see Ausherman v. Bank of America Corp., 352 F.3d 896, 900 (4th Cir. 2003), Plaintiffs have not alleged any facts that would show that Experian negligently or willfully violated the FCRA. In their Opposition, Plaintiffs also fail to advance any facts that support a negligent or willful violation of the FCRA. Consequently, Plaintiffs' claim against Experian in Count VI of the Complaint must be dismissed.

**III**

As mentioned, Plaintiffs filed three motions after Defendants moved to dismiss their Complaint. In their Motion for Partial Summary Judgment, Plaintiffs request that the Court stop foreclosure proceedings in the Circuit Court for Maryland for Montgomery County, Case No. 322954V, initiated by a Maryland foreclosure attorney, Edward S. Cohn, due to Plaintiffs'

failure to make their mortgage payments. Mr. Cohn and his law firm voluntarily dismissed the foreclosure case on November 19, 2009, and the foreclosure action was dismissed on November 24, 2009. See Bank of America's Reply ¶ 9, Ex. 1. Accordingly, the Court will deny as moot Plaintiffs' Motion for Partial Summary Judgment.

In their Emergency Motion To Halt Countrywide's Foreclosures Nationwide, Plaintiffs effectively ask the Court for a preliminary injunction against Bank of America. The Fourth Circuit has made clear that "preliminary injunctions are extraordinary remedies involving the exercise of very far-reaching power to be granted only sparingly and in limited circumstances." MicroStrategy Inc. v. Motorola, Inc., 245 F.3d 335, 339 (4th Cir. 2001) (quotation marks omitted). To determine whether such "extraordinary" relief is appropriate in a particular case, a court considers (1) the likelihood of irreparable harm to the plaintiff is the preliminary injunction is denied, (2) the likelihood of harm to the defendant if the requested relief is granted, (2) the likelihood that the plaintiff will succeed on the merits, and (4) the public interest. Manning v. Hunt, 119 F.3d 254, 266 (4th Cir. 1997). Plaintiffs bear the proving that these factors favor the granting of a preliminary injunction. Id. Plaintiffs have not met their burden with regard to any of these factors. Accordingly, the Court will deny Plaintiff's Emergency Motion.

In their "Third Party Complaint," which is clearly incorrectly labeled, Plaintiffs effectively attempt to amend their Complaint. The purpose of the amendments is to supplement the original Complaint with exhibits of Plaintiffs' filings in Montgomery County Circuit Court, which do not appear to be relevant to Plaintiffs' suit against Bank of America and Experian. Because of its improper designation and its failure to conform to the requirements for amended complaints under local Maryland rules, the "Third Party Complaint" will be stricken. See Md. Local Rule 6(c) (requiring a copy of the amended pleading in which stricken material has been

lined through or enclosed in brackets and new material has been underlined or set forth in bold-faced type).

      For the foregoing reasons, the Court shall, by separate order, grant Defendants' Motions to Dismiss, deny as moot Plaintiffs' Motion for Partial Summary Judgment, deny Plaintiffs' Emergency Motion, and strike Plaintiffs' Third Party Complaint.

Date: January 6, 2010

                                           /s/
                                    ROGER W. TITUS
                          UNITED STATES DISTRICT JUDGE